United States District Court
Southern District of Texas
ENTERED
November 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE A. RAMIREZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 1:26-cv-607 |
| | § | |
| NORMA LIMON, *et al.*, | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (Dkt. No. 9)**

## I. Summary

Plaintiff Jose A. Ramirez brings a claim under 8 U.S.C. § 1503(a), alleging that USCIS has denied him rights and privileges as a U.S. national by refusing to issue him a Certificate of Citizenship. Although no final agency decision has been issued on his application, Plaintiff argues that USCIS has "constructively denied" his application by failing to act and that the § 1503(a) requirement to exhaust administrative remedies is not a prerequisite for the Court to retain jurisdiction. The Court disagrees, finding that it lacks subject-matter jurisdiction to hear this case.

## II. Background

On June 1, 2026, Plaintiff Jose A. Ramirez ("Plaintiff") filed a Complaint against Defendants Norma Limon, Joseph B. Edlow, and Markwayne Mullin ("Defendants"). Plaintiff brings his action under 8 U.S.C. § 1503(a) for denial of the rights and privileges of a U.S. Citizen. Dkt. No. 1 at 1.

In his Complaint, Plaintiff claims he was born in 1977 in Matamoros, Mexico to Sara Irma Guevara, whom he states was a U.S. citizen at the time of his birth based on acquisition of citizenship through her mother and grandmother. Dkt. No. 1 at 4–6. In November 2024, Plaintiff alleges he filed an application for a Certificate of Citizenship (N-600) with United States Citizenship and Immigration Services ("USCIS"), arguing he was

born abroad to a U.S. citizen mother. *Id.* at 1–2, ¶ 2. He states that USCIS has not interviewed him and has only issued a request for additional evidence. *Id.* Although no final decision has been issued, Plaintiff argues that USCIS has "constructively denied" his application by failing to act. *Id*. Plaintiff brings a single cause of action under 8 U.S.C. § 1503(a), alleging he has been denied rights and privileges as a U.S. national because USCIS has refused to issue him a Certificate of Citizenship. Plaintiff, thus, seeks a declaratory judgment that he is a U.S. citizen. *Id*. at 10.

On June 24, 2026, Defendants filed a Motion to Dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 9. Defendants argue that Plaintiff's lawsuit must be dismissed as jurisdictionally barred because he has failed to exhaust administrative remedies. *Id*. at 1.

Plaintiff filed a Response to Defendants' Motion on October 16, 2026, after the Court granted Plaintiff more time to respond. Dkt. Nos. 15, 17, 18. In his Response, Plaintiff argues that the exhaustion requirement under § 1503(a) is not a jurisdictional barrier. Dkt. No. 18 at 3.

On October 21, 2026, Defendants filed a Reply to Plaintiff's Response. Dkt. No. 19. In their Reply, Defendants emphasize that exhaustion is a jurisdictional requirement under Fifth Circuit precedent on § 1503(a). *Id*. at 2. They further argue that even if exhaustion were not jurisdictional, § 1503(a)(2) only allows lawsuits after a "final administrative denial."

## III. Standard of Review

Federal courts have limited jurisdiction, and therefore, the power to adjudicate claims only when jurisdiction is conferred by federal statute and the U.S. Constitution. *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998)). When considering a Rule 12(b)(1) motion, a trial court must dismiss an action for lack of subject matter jurisdiction when the court is without the statutory or constitutional power to adjudicate the case. *Griener v. United States*, 900 F.3d 700, 702

(5th Cir. 2018). In determining whether jurisdiction exists, a court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party seeking the federal forum bears the burden of proving federal jurisdiction. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

## IV. Analysis

In their Motion to Dismiss, Defendants principally argue that 8 U.S.C. § 1503(a) requires Plaintiff to file his lawsuit only after he has exhausted his administrative remedies. Defendants contend this requirement represents a jurisdictional barrier to Plaintiff's claims, warranting dismissal under Rule 12(b)(1). In the alternative, Defendants argue that Plaintiff has not demonstrated a "final administrative denial," in which his claims must be dismissed. For the reasons explained below, the Court agrees with both of Defendants' arguments.

### *A. Section 1503(a)'s Exhaustion Requirement*

Section 1503(a) provides that any person who is denied a claimed right or privilege of U.S. citizenship may bring a declaratory judgment action under § 2201, seeking a declaration that he is a citizen of the United States. 8 U.S.C. § 1503(a).[1] However, a person seeking a judicial declaration of citizenship under 8 U.S.C. § 1503(a) must first exhaust all available administrative remedies. *Guerra Quezada v. United States*, 187 F.4th 727, 732 (5th Circ. 2026); *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 n.4 (5th Cir. 2007) ("A person must exhaust the agency procedures."); *Villegas v. Noem*, 149 F.4th 554, 563 (5th Circ. 2025).

[1] Section 1503(a) operates as the statutory source of jurisdiction over such actions, thereby allowing courts to "declare the rights and other legal relations of any interested party seeking such declaration" under § 2201; standing alone, § 2201 does not confer jurisdiction. 28 U.S.C. § 2201(a); *Vasquez v. Pompeo*, 467 F.Supp.3d 466, 470 n.8 (S.D.Tex., 2020) (citing *Parham v. Clinton*, 374 F. App'x 503, 504 (5th Cir. 2010)).

Plaintiff argues that § 1503(a)'s exhaustion requirement is not a jurisdictional barrier to his claims. Specifically, Plaintiff cites a recent Fifth Circuit Court of Appeals decision that noted the possible applicability of an intervening Supreme Court ruling:

> "Recent Supreme Court precedent about 'claims-processing rules' could have some relevance. *See Villegas v. Noem*, 149 F.4th 554, 562, 568 (5th Cir. 2025) (citing *Santos-Zacaria v. Garland*, 598 U.S. 411, 416-18 (2023)). We do not suggest that they do, and in the absence of any briefing, we simply make note of that caselaw."
>
> *Guerra Quezada v. United States*, 187 F.4th 732 n.2 (5th Cir. 2026).

In *Santos-Zacaria*, the U.S. Supreme Court considered whether 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is jurisdictional. The Supreme Court found that a rule is treated as jurisdictional "only if Congress 'clearly states' that it is." *Santos-Zacaria*, 598 U.S. at 416. The U.S. Supreme Court found that § 1252(d)(1)'s exhaustion requirement was a "quintessential claim-processing rule", meaning that, in the ordinary case, the requirement was not jurisdictional. *Id.* at 417.

Despite this intervening Supreme Court ruling, Defendants argue that the Fifth Circuit has continued to affirm that exhaustion under § 1503(a) is jurisdictional. Dkt. No. 19 at 2; *see also Guerra Quezada v. United States*, 187 F.4th 727, 732 (5th Cir. 2026) ("Our precedent has held this requirement is jurisdictional."); *Gonzalez v. Limon*, 926 F.3d 186, 188 n.7 (5th Cir. 2019) (plaintiff must exhaust administrative remedies before bringing action under § 1503(a)) (citing *Rios-Valenzuela*, 506 F.3d at 397 n.4); *Flores v. Hartnett*, 2022 WL 101978, at *2–3 (5th Cir. 2022) (interpreting footnotes in *Gonzalez* and *Rios* to mean that exhaustion requirement is jurisdictional); *Espino v. Edlow*, No. 7:26-CV-00138, 2026 WL 2772095, at *2 (S.D. Tex. Sept. 8, 2026) ("[T]he Fifth Circuit . . . has consistently identified the separate exhaustion requirement contained within § 1503(a)(2) as a jurisdictional one."); *Rocha v. Mayorkas*, 579 F.Supp.3d 923, 931 n.5 (S.D. Tex. 2022) ("Section 1503(a) also requires individuals to exhaust administrative remedies before filing a lawsuit. The requirement is jurisdictional.") (internal citations omitted).

The Court agrees with Defendants. This Court is bound by the prior Fifth Circuit precedent on § 1503(a). While "an intervening change in the law (such as by a Supreme

Court case) permits a subsequent panel to decline to follow a prior Fifth Circuit precedent…[s]uch an intervening change in the law must be unequivocal, not a mere 'hint' of how the Court might rule in the future." *U.S. v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013). Importantly, a "district court [is] not free to overturn" Fifth Circuit precedent even if it thinks that the Supreme Court has "implicitly overruled" that precedent. *Ford v. Mckesson*, 171 F.4th 332, 343 (5th Circ. 2026) (quoting *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789, 792 (5th Cir. 2021)).

Here, Plaintiff does not dispute that he has failed to exhaust administrative remedies. In his Complaint, Plaintiff admits his N-600 application remains pending with USCIS and that he has yet to receive a decision. Dkt. No. 1 at 2. After the Administrative Appeals Office (AAO) affirms USCIS's denial, an individual will be deemed to have exhausted his administrative remedies and, therefore, may file an action for a declaratory judgment in a United States district court under 8 U.S.C. § 1503(a). *See* 8 C.F.R. §§ 341.6, 103.3(a); *Rios-Valenzuela v. DHS*, 506 F.3d 393, 397 (5th Cir. 2007); *see also Rocha*, 579 F. Supp. 3d at 931 n.5 (finding plaintiff failed to exhaust administrative remedies where "her application for a passport remained pending" and "[s]he had received no agency decision on that application, much less exhausted any administrative remedies as to an adverse decision"). Accordingly, Plaintiff has not exhausted administrative remedies, and, as a result, the Court lacks subject-matter jurisdiction.

***B. Section 1503(a)'s Finality Requirement***

Defendants further argue that Plaintiff has not demonstrated a "final administrative denial" and, thus, his claims must be dismissed. The Court agrees.

Section 1503(a) demands that a claimant file their lawsuit "within five years after the final administrative denial of such right or privilege." 8 U.S.C. § 1503(a); *Villegas v. Noem*, 149 F.4th 554, 569 (5th Circ. 2025). A court focuses on the "reasonable finality of a particular claim's proceeding[,]" rather than "searching for the first possible instance of finality[.]" *Villegas*, 149 F.4th at 570. The denial by the AAO of an appeal or the denial of a motion to reopen are each events that qualify as final. *Id*. at 571; *Vazquez v. Blinken*,

2026 WL 3078577, at *4 (S.D.Tex., 2026). If the motion to reopen "is untimely, then the AAO decision is final." 8 C.F.R. § 103.5(a)(1)(i).

Here, Plaintiff concedes his N-600 remains pending and identifies no authority treating a pending application as a "final administrative denial." Plaintiff argues that USCIS has "constructively denied" his application by failing to issue a decision for over two years but cites no precedent affirming such construction. Accordingly, even if exhaustion was treated as non-jurisdictional, the Court still lacks jurisdiction because Plaintiff has not demonstrated a final administrative denial. *See Parham v. Clinton,* 374 Fed. Appx. 503, 504-505 (5th Cir. 2010) (finding that the district court properly concluded that it lacked jurisdiction to review a § 1503 claim without a final administrative decision).

## V. Recommendation

For the reasons stated above, it is recommended that the Court (1) **GRANT** Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. No. 9); (2) **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; (3) **DIRECT** the Clerk of Court to close the case.

## VI. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.,* 875 F.3d 243, 248 (5th Cir. 2017).

Signed on November 18, 2026.

Karen Betancourt
United States Magistrate Judge